## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Joletta McCrary,

Plaintiff,

v.

Experian Information Solutions, Inc.
and Equifax Information Services, LLC,

Defendants.

Case No. 26-cv-01919-MJD-EMB

**PRETRIAL SCHEDULING
ORDER**

---

The following schedule will govern these proceedings unless modified pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3.

## SUMMARY OF IMPORTANT DATES:

Initial Disclosure Deadline: **June 11, 2026**

Joinder and Amended Pleadings Deadline:   **September 4, 2026**

Status Conference: **October 19, 2026, at 9:30a.m.**

Fact Discovery Completion Deadline: **February 5, 2027**

Expert Deadlines
    Disclosures: Initial – **March 5, 2027** Rebuttal – **April 2, 2027**
    Depositions: **May 4, 2027**

Non-Dispositive Fact Discovery Motion Deadline to **Serve and File: February 19, 2027**

Non-Dispositive Motion Deadline to **Serve and File: May 28, 2027**

Dispositive Motion Deadline to **file, serve, schedule: July 6, 2027**

Trial Ready Date: **January 24, 2028**

**FACT DISCOVERY**

1. The parties must make their **initial disclosures** under Rule 26(a)(1) on or before **June 11, 2026**. If a description by category and location of the documents is offered pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), the party will provide a copy of their initial disclosure documents by **July 13, 2027.**

2. Written Discovery

   A. No more than a total of **25** interrogatories, counted in accordance with Rule 33(a), shall be served by each party on any other party.

   B. No more than **25** document requests shall be served by each party on any other party. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).

   C. No more than **25** requests for admissions shall be served by each party on any other party.

3. No more than **10** factual depositions, excluding expert witness depositions, shall be taken by each side.

4. No more than **1** medical examination pursuant to Rule 35 shall be conducted, to be completed by **February 5, 2027.**

5. The parties agree to service via email at the email addressed provided in their joint Rule 26(f) report. They further agree that attachments should be in Microsoft Word (.doc) or Adobe Acrobat (.pdf) format. Should a serving party receive an error or delayed delivery message, that party shall notify the intended recipient and serve the document in accordance with the rules within one business day.

6. The parties must commence fact discovery procedures in time to be completed on or before **February 5, 2027**.

## EXPERT DISCOVERY

1. Each party may call no more than **2** expert(s) to testify, and one deposition may be taken of each testifying expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures of initial experts by the party with the burden of persuasion on or before **March 5, 2027**.

   Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures of experts who may testify in rebuttal to any initial expert on or before **April 2, 2027**.

3. All expert discovery, including expert depositions, must be completed by **May 4, 2027**.

## PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY

The parties have discussed the scope of discovery, including relevance and proportionality and any issues about preserving discoverable information. The parties have also discussed electronic discovery and agree upon the following:

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through the procedures set out in this order related to discovery disputes.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, return, or destruction of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

## NON-DISPOSITIVE MOTIONS

### A.    Dates

1. **Motions to amend**. Motions to amend the pleadings, including to add punitive damages, and/or to join other parties must be filed and served by **September 4, 2026**. If the non-movant argues futility in opposition to a motion to amend, the movant may file a reply brief in support of the motion to amend within three (3) business days after the opposition is filed.

2. All non-dispositive motions relating to *fact* discovery must be filed and served by **February 19, 2027**.

3. All other non-dispositive motions, including motions relating to *expert* discovery, must be filed and served by **May 28, 2027**.

### B.    Non-Dispositive Motion Procedures

Unless a motion is unopposed, the moving party must contact Magistrate Judge Bullard's Chambers at 651-848-1620 or Bullard_Chambers@mnd.uscourts.gov to schedule a hearing. **A hearing date must be requested before the motion is filed, even if the parties agree that no hearing is necessary**. If the parties agree that a hearing is not necessary, the moving party must contact Chambers to get a date for submission of the matter to the Court and should include a statement to that effect in the Notice of Hearing. Magistrate Judge Bullard will determine whether to hold a hearing at her discretion.

Once the moving party secures a hearing date, it must promptly serve and file the notice of hearing informing all parties of the nature of the motion and the date, time, and location of the hearing. The moving party may serve and file the motion and remaining motion papers in accordance with the dates prescribed by Local Rule 7.1, unless a different briefing schedule is set. A party may not call Chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Parties that fully resolve a pending motion should notify Chambers as soon as possible so that any scheduled hearing can be removed from the calendar. If the parties partially resolve a pending motion, please notify Chambers to let the Court know what matters the Court no longer needs to

address. If time permits, notification should be by joint stipulation, as provided by Local Rule 7.1(a)(2). To withdraw a motion, the moving party should file a notice formally withdrawing the motion on CM/ECF.

The parties should inform Chambers of all other pending or anticipated motions so the motions can be heard at the same time. Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

All motions must be filed and served within the time periods set forth in this Order and the Local Rules.

## C.    Procedures for Discovery Disputes

**First, the parties must meet and confer** either in-person, telephonically, or by video and make a good-faith effort to settle their dispute, pursuant to Local Rule 7.1. This requirement is intended to lead to a meaningful, good-faith exchange of views, and if possible, a full or partial resolution of the issue(s) in dispute. To satisfy Rule 7.1(a), parties must diligently attempt to resolve their dispute(s) in person or by videoconference or telephone. Solely exchanging emails, letters, or voice messages is considered insufficient.

**Second, the movant must request an informal conference call with the Court**. The purpose of this call is to explore narrowing the discovery dispute, confirm that informal dispute resolution is considered, and to discuss the most efficient way to brief disputed issues.  The movant must request an informal conference with the Court by submitting a **SHORT JOINT EMAIL** to chambers at Bullard_Chambers@mnd.uscourts.gov stating:
- a) the discovery dispute;
- b) whether all parties agree to informal dispute resolution; and
- c) any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way.  No attachments are permitted.  The Court will then schedule a conference call.

The informal conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1.  It does not mean that the parties concede to informal dispute resolution.

**Third, the movant files a notice of motion** and the parties will either (1) submit the letters required for the informal dispute process, or (2) file briefing on a formal motion to compel. The process utilized to resolve a particular dispute does not determine the process to be followed to resolve a subsequent dispute.

### Informal Dispute Resolution Process

To invoke the informal process described herein, the parties must all agree to use it.

The parties jointly schedule a telephonic hearing by contacting Magistrate Judge Bullard's chambers, at 651-848-1620 or Bullard_Chambers@mnd.uscourts.gov. Once the parties have secured a hearing date, the moving party must promptly file a notice of motion informing all parties of the nature of the motion and the date, time.

If the parties agree to resolve the dispute through the informal process, each side shall submit a letter, up to 3 pages, outlining their arguments. Letters should be served and emailed to Chambers at least two business days before the telephone hearing. Parties need Court permission to include exhibits that extend the length of the letter beyond three pages. Judge Bullard will issue a decision at the time of the hearing or shortly thereafter and the parties agree that no appeal of the ruling will be taken.

### Formal Process

If a discovery motion is related to written discovery or the contents of depositions, the parties must fill out a chart in the below format that describes each disputed discovery request and response; each party's position, and the moving party's last offered compromise.

| Discovery Request at Issue (state verbatim the request) | Moving Party's Position | Responding Party's Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

This chart must be in Word format and emailed at least three business days before the hearing to chambers at: Bullard_chambers@mnd.uscourts.gov. Failure to provide this chart to the Court as required by this scheduling order will result in the cancellation of the hearing.

## DISPOSITIVE MOTIONS

All dispositive motions shall be filed by the moving party on or before **July 6, 2027**. All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing procedures for the District of Minnesota and in compliance with Local Rule 7.1. Counsel shall schedule the hearing by calling Judge Davis' Courtroom Deputy at 612-664-5070.

When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Judge Davis's Courtroom Deputy at the same time as the documents are posted on ECF. If the moving papers are more than one inch combined, the papers should be provided in a tabbed, three-ring notebook.

## PRIVILEGE/PROTECTION

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. After being notified of information that is produced in discovery and subject to a claim of privilege, work-product, or of protection as trial-preparation material, the receiving party must *destroy* the specific information and any copies it has. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents

in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

## PROTECTIVE ORDER

The parties must jointly submit to the Court either a proposed protective order or a report identifying areas of disagreement on or before **July 1, 2026**. In the interim, any documents that any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and shall not be withheld on the basis that no protective order is yet in place. After the protective order is entered, the producing party must designate the documents under the protective order.

## FILING UNDER SEAL

Local Rule 5.6 governs filing under seal. Counsel must be familiar with and comply with Local Rule 5.6 on filing documents under seal in civil cases.

When moving for continued sealing, as required by Local Rule 5.6(d)(2)(A), the description of the reason for continued sealing must:

a. be brief (*e.g.* "The document contains trade secret information regarding the Coca-Cola formula.");

b. be specific to each document filed under seal;

c. must not contain lengthy legal argument; and

d. may not simply state that the document is designated confidential pursuant to a protective order.

To ensure consistency in sealing orders and enhance efficiency, each party is encouraged to keep a log of documents it has filed under seal and must—in its motion for continued sealing—inform the Court if a document has been previously filed under seal in the action and the resolution of any prior joint motion for continued sealing as to the document. If a document has already been ordered sealed by the Court, the reason for continued sealing may simply state "previously sealed by the Court per Dkt. No. ___."

**PRACTICE POINTERS AND PREFERENCES**

Please refer to Magistrate Judge Elsa M. Bullard's Practice Pointers and Preferences which may be found on the Court's website.

**STATUS CONFERENCE**

A Zoom status conference to update the Court on discovery and discuss the timing of a settlement conference is scheduled for **October 19, 2026, at 9:30a.m.** The Court will provide a Zoom link.

**TRIAL**

This case shall be ready for jury trial as of **November 8, 2027**. The parties estimate that trial of this matter will take **5-7** days.

Date: June 12, 2026

_s/Elsa M. Bullard_
ELSA M. BULLARD
United States Magistrate Judge

10